## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **JIMMY W. WHEELER,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:05-cv-00839** |
| | : | |
| **v.** | : | **JUDGE ALGENON L. MARBLEY** |
| | : | |
| **PARK NATIONAL HOLDING** | : | |
| **CORP., and SECURITY** | : | **Magistrate Judge King** |
| **NATIONAL BANK & TRUST CO.** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

### OPINION AND ORDER

### I. INTRODUCTION

This matter comes before the Court on the Motion to Dismiss brought jointly by

Defendants, Park National Corporation ("PNC") and The Security National Bank and Trust Co.

("SNB") (collectively, "Defendants"). Defendants argue that, pursuant to Rules 8(a) and

12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff, Jimmy Wheeler ("Plaintiff") has

failed to state a claim for which relief can be granted. For the reasons set forth herein, the Court

**GRANTS** Defendants' Motion to Dismiss.

### II. STATEMENT OF FACTS[1]

On August 1, 2005, Plaintiff contacted Defendant SNB, located in Springfield Ohio,

alleging that he owned SNB, and that by way of his ownership, he was entitled to receive

---

[1]Because the Court finds the facts set forth in Plaintiff's Complaint to be both vague and
unclear, the Statement of Facts is drawn, in relevant part, from Defendants' Motion to Dismiss,
in which Defendants assume the facts as alleged in the Complaint to be true, except where they
were either conclusory or unsupported. *See* Defs.'s Motion to Dismiss at 3 n.1.

compensation. Complaint at 2, line 2. Having received no response, on August 18, 2005, Plaintiff re-visited SNB, "with intent to attend to ownership" thereof, but SNB, as Plaintiff concedes, "knew nothing of [Plaintiff's] ownership." *Id*. at 2, lines 4-7. Further SNB informed Plaintiff of the existence of Defendant PNC, of which SNB is a subsidiary. *Id*. at 2, lines 7-10.

Plaintiff first attempted to sue Defendants in Ohio state court, but the state court "declined the matter." Complaint at 3, lines 20-21; Attachment ¶ 6. On September 12, 2005, Plaintiff, proceeding *pro se*, filed suit against Defendants[2] in this Court. *See* Complaint. Shortly thereafter, on September 14, 2005, Plaintiff filed an Attachment (the "Attachment") to his Complaint, intending that the additional information might better enable the Court to decide the ownership of PNB. *See* Attachment ("Individual trusts the additional information will better enable the decision of the Court in the Matter in regard to ownership of [PNC].").

In the Complaint and the Attachment, Plaintiff asserts that he owns Defendants. Complaint at 2, lines 3-4. Further, he maintains that his purported ownership has been determined and verified by the Government of the United States, the United States Department of Justice, and the Federal Trade Commission. *Id*. at 2, lines 11-13. Moreover, Plaintiff alleges that he "[r]equires attention in favor of this proceeding in regard to Individual ownership of Business." *Id*. at 3, lines 22-23.

Plaintiff also claims that by way of his alleged ownership of Defendants, he is entitled to compensation. *See* Complaint at 3, lines 22-23. Plaintiff asserts that, "[o]n August 1, 2005, Individual did contact Business . . . in order to receive compensation for Individual ownership

---

[2]In his complaint (the "Complaint"), Plaintiff incorrectly identified the Defendants as "Park National Bank Holding Corporation" and "Security National Bank."

from Business as ownership is found by United States Department of Justice." *Id*. at 2, lines 2-4. Plaintiff demands that if the Court fails to award him Individual ownership of Defendants, he must be compensated in the amount of $576,074,000.00, plus any reasonable court costs and legal fees. *See id*. at 3, lines 23-25. Finally, Plaintiff alleges that Defendants have committed conversion with respect to his alleged property, stating that, "[a]ctionable conversion" is "any exercise of dominion or control wrongfully exerted over the personal property of another." *Id*. at 3, lines 9-11.

On October 20, 2005, in response to Plaintiff's Complaint, Defendants filed the Motion to Dismiss currently at issue. Defendants assert that because Plaintiff has failed to comply with the basic pleading standards required by the Federal Rules of Civil Procedure, the Court must dismiss Plaintiff's Complaint for failure to plead a short and plain statement of the law, and failure to state a claim on which relief can be granted. *See* FED. RULES OF CIV. PRO. 8(a) & 12(b)(6). The Court's analysis follows.

### III. LAW & ANALYSIS

### A. Rule 8(a)

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a pleading which sets forth a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. PRO. 8(a)(2). At a minimum this statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Further, the Sixth Circuit has held that a pleading must contain more than "bare assertions of legal conclusions . . . to satisfy federal notice pleading requirements." *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th

Cir. 1988).

Moreover, though courts afford *pro se* complaints a measure of leniency, the Sixth

Circuit has held that *pro se* complaints must satisfy basic pleading requirements.  *Wells v.*

*Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  And, despite receiving a measure of leniency, *pro se*

plaintiffs still must "conduct enough investigation to draft pleadings that meet the requirements

of the federal rules." *Burnett v. Grattan*, 468 U.S. 42, 50 (1984).

In this case, Plaintiff asserts that in 1964, as payment for an undisclosed service he

performed, he was given ownership of Defendants.  Further, he contends that his ownership

interest in Defendants entitles him to legal relief.  Even so, Plaintiff has failed to provide

Defendants with fair notice of the grounds upon which he rests his claim. Plaintiff has merely set

forth conclusory allegations as to his purported right to ownership or monetary compensation,

without setting forth facts or legal precedent to support them.  This Court finds, therefore, that

taken together, Plaintiff's Complaint and Attachment fail to set forth a claim as required by Rule

8(a) of the Federal Rules of Civil Procedure.

### B. Rule 12(b)(6)

In addition, Defendants contend that Plaintiff's Complaint fails to state a claim upon

which relief can be granted.  *See* Defs.' Motion to Dismiss at 6-8.  In considering a Rule 12(b)(6)

Motion to Dismiss, a Court is limited to evaluating whether a plaintiff's complaint sets forth

allegations sufficient to make out the elements of a cause of action. *Windsor v. The Tennessean*,

719 F.2d 155, 158 (6th Cir. 1983).  All factual allegations made by a plaintiff are deemed

admitted and ambiguous allegations must be construed in his favor.  *See id*.  A complaint should

not be dismissed under Rule 12(b)(6) "'unless it appears beyond doubt that [a p]laintiff can prove

no set of facts in support of his claim which would entitle him to relief.'" *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996) (quoting *Conley*, 355 U.S. at 45-46).

While the complaint need not specify every detail of a plaintiff's claim, it must give a defendant "'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (quoting *Conley*, 355 U.S. at 47). This liberal standard of review requires more than the bare assertion of legal conclusions. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citations omitted).

Moreover, though courts afford *pro se* complaints a measure of leniency, the Sixth Circuit has held that even with such cases, courts should not accept legal conclusions in unwarranted factual inferences. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 2003). *Pro se* plaintiffs are not entitled to a lenient application of the substantive law of a claim. *See Wolfel v. United States*, 711 F.2d 66, 67 (6th Cir. 1983).

In this case, Plaintiff has failed to do little more than set forth blanket assertions that he is entitled to be declared the owner of Defendants, or, in the alternative, that he should be awarded upwards of $500 million as compensation for the loss of his purported ownership interest. Such conclusory allegations, however, do not satisfy the requirements of the Federal Rules of Pleading. In his Response, Plaintiff asserts that his ownership interest can be verified by "Mister William Halsey, United State Navy former commissioned Full Admiral," and "Mister Howard LeFevre, former Board Chairman and Chief Executive Officer of Defendant Business." *See* Pl.'s Opposition at 1. Further, he asserts that his ownership interest was recorded in a proxy statement filed with the Securities Exchange Commission ("SEC") in 1964. *Id.* Plaintiff writes,

In a matter of discovery, Plaintiff moves the entry of the names of two persons involved in a meeting in regard to the ownership by Plaintiff in the year 1964 be accepted into court record:

> Mister William Halsey, United State Navy former commissioned Full Admiral William Halsey, and Mister Howard LeFevre, former Board Chairman and Chief Executive Officer of Defendant Business. In that 1964 meeting, in a matter of compensation to Plaintiff for service rendered, found in Mister LeFevre's record, Mister Halsey did compensate Plaintiff in the ownership of Defendant Business, and was informeD Mister LeFevre and Preliminary Proxy Statement Relating to Merger and Acquisitions (SEC form PREM 14A) was filed in Securities and Exchange Commission in report by Misteres William Halsey and Mister Howard LEFevre of that ownership . . .

*See* Pl.'s Opposition at 1. Plaintiff's statements identify people and documents that he claims verify his arguments; however, they are little more than vague assertions, and the Court need not accept as true any unwarranted factual inferences. *See Morgan*, 829 F.2d at 12. Under the Federal Rules of Pleading, Plaintiff must provide Defendants with significantly more notice of his claim, and he cannot rest his on the mere reference of individuals and his assertion that a proxy statement exists to verify his ownership.

Plaintiff asserts that his suit is supported by legal precedent. Plaintiff cites the Fifth, and Fourteenth Amendments of the United States Constitution, and Article 1, Section 1 of the Ohio Constitution. Complaint at 2, lines 15-21. Further, he relies on an unidentified Supreme Court opinion, and various opinions regarding takings laws. *See id.* at 2-3. The Court finds, however, that though Plaintiff makes references to various legal authorities, he fails to indicate how those authorities relate to his purported claims, and his ambiguous legal citations fail to provide any facts sufficient to support any real legal claim for which a Court may grant relief. Hence, the Court finds that Plaintiff's Complaint and Attachment fail to state a claim for which relief can be

granted.[3]

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**. The case is hereby dismissed on all counts.

**IT IS SO ORDERED.**

      **s/Algenon L. Marbley**          
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: April 21, 2006**

---

[3]Defendants also devote a portion of their Motion to Dismiss to explaining how and why Plaintiff has failed to set forth a claim for "conversion." *See* Defs.' Motion to Dismiss at 8-9. Because the Court finds that Plaintiff's Complaint must be dismissed pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, it need not reach the merits of Defendants' arguments regarding Plaintiff's purported "conversion" claim.